**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 95-5656

CECIL G. MCSWAIN,
Defendant-Appellant.

Appeal from the United States District Court for the
Western District of North Carolina, at Shelby.
Richard L. Voorhees, Chief District Judge.
(CR-93-12)

Submitted: September 30, 1997

Decided: November 18, 1997

Before WILKINS, LUTTIG, and
WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, Gordon Widenhouse,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Mark T. Calloway, United States Attorney, C. Nicks Wil-
liams, Special Assistant United States Attorney, Charlotte, North Car-
olina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This is a direct appeal from Cecil G. McSwain's conviction and sentence for conspiring to possess marijuana with the intent to distribute and distribution of the same. McSwain raises two errors: (1) that the district court erred in denying his motion to substitute counsel; and (2) the district court erred in denying him a reduction in sentence under the safety valve provision of U.S. Sentencing Guidelines Manual § 5C1.2 (1995). He requests a new trial in relation to his first claim of error and resentencing in relation to his second. For the following reasons we affirm.

I.

This Court reviews a claim of error in the denial of substitute counsel under an abuse of discretion standard. See United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988). In evaluating whether a district court abused its discretion, an appellate court considers: (1) the timeliness of the motion; (2) the adequacy of the district court's inquiry into the defendant's complaint; and (3) whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense. Id. at 108. An examination of the factors does not reveal an abuse of discretion.

McSwain's motion for substitute counsel came one week after a notice for calendar call was mailed. McSwain's case had been called several times prior to this event, and had, in fact, been continued for over a year. Given this fact, the motion could be construed as untimely. More importantly, however, the district court conducted a sufficient inquiry into McSwain's dissatisfaction with his attorney. This inquiry, together with the motion, revealed that McSwain sought new counsel and his attorney, Leonard, wished to withdraw because Leonard had limited time for, and experience in, trial practice and

2

planned to be on vacation at the time of the trial. Further, a second attorney, Smith, had already entered an appearance on behalf of McSwain, was familiar with the case, and had commenced work on the appeal. Smith stated, however, that he wished to conduct more investigation prior to trial and that it was possible that he would raise inadequate preparatory time on appeal. No mention was made as to any breakdown in the relationship between McSwain and Leonard.

At the conclusion of the hearing, the district court deferred its ruling. The next day, the district court stated that it had denied the motion to substitute Smith because of "a conflict that he would have had that would have made it impermissible [for him] to be the lawyer in the case." The district court failed to elaborate on this conflict, but noted that because it was severing McSwain's trial from that of his co-defendant's and continuing it until a later time there was no reason that Leonard could not remain as McSwain's attorney and adequately prepare the case during the interim.

McSwain argues that the district court abused its discretion in reaching this decision because it did not sufficiently elaborate on the conflict of interest which it found to preclude Smith's representation of McSwain. He further asserts that in order to remove an attorney there must be an actual conflict of interest which the district court failed to demonstrate. McSwain misses the point, however. The focus of the inquiry in determining whether to allow withdrawal and substitution of counsel is not whether the attorney seeking to be added to the case is appropriate, but rather whether there exists sufficient justification for allowing the first attorney to withdraw. Thus, the issue is not whether Smith should have been allowed to represent McSwain, but whether the district court erred in refusing to dismiss Leonard. As explained above, the district court inquired into the relationship between McSwain and Leonard and this inquiry revealed no breakdown in the relationship which would have prevented Leonard from conducting an adequate defense. Accordingly, we find that the district court did not abuse its discretion in denying McSwain's motion for substitution of counsel.

II.

McSwain next asserts that the district court erred in failing to consider the applicability of the safety valve reduction under 18 U.S.C.A.

3

§ 3553(f) (West 1994 & Supp. 1997), and argues that his case should be remanded for resentencing on the basis of this failure. McSwain cites to United States v. Robles-Torres, 109 F.3d 83 (1st Cir. 1997), as support for this proposition. In Robles-Torres, the government noted on appeal that neither the parties nor the court had considered the possible applicability of USSG § 2D1.1(b)(4) which mandates a two-level reduction in the offense level if the defendant meets the requirements set forth in USSG § 5C1.2, a provision identical to 18 U.S.C. § 3553(f). The government conceded that this failure was most likely an oversight because there was reason to believe that the appellant might be eligible for the reduction. Given this concession and possibility, the appellate court directed the district court, on remand, "to reconsider the computation of the GSR in light of the government's concession." Robles-Torres, 109 F.3d at 86 n.2. We believe that McSwain's appeal presents a different set of circumstances which do not justify remand.

Unlike Robles-Torres, McSwain does not appear to have met the requirements for a departure under § 3553(f) or § 5C1.2. Specifically, the fifth requirement--providing all information concerning the offense to the government prior to or at sentencing--appears to be lacking. The record on appeal reveals that McSwain continued to deny his involvement in the conspiracy and that while he did provide the government with a few names of individuals who might have been involved in the conspiracy, he failed a lie detector test relating to this information. Accordingly, we conclude that McSwain does not meet all of the requirements set forth in § 3553(f) or § 5C1.2, and therefore conclude that he is ineligible for a reduction under§ 2D1.1(b)(4). See United States v. Withers, 100 F.3d 1142, 1147 (4th Cir. 1996) (stating that appellant must acknowledge responsibility for actions before qualifying for safety valve reduction), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3631 (U.S. Mar. 17, 1997) (No. 96-7884). Under these circumstances, we find McSwain's reliance on Robles-Torres to be unconvincing. We therefore deny his request for resentencing on this issue and affirm his sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4